**CELESTIAL ARTS, INC., Plaintiff,**

v.

**NEYLER COLOR–LITH CO., Inc., and Richard Mueller, Defendants.**

**No. 71–C–181.**

United States District Court,
E. D. Wisconsin.

Nov. 12, 1971.

Bass, Goldstein & Moglowsky by Arthur M. Moglowsky, Milwaukee, Wis., for plaintiff.

Michael, Best & Friedrich by Andrew O. Riteris, Milwaukee, Wis., for defendants.

## DECISION and ORDER

MYRON L. GORDON, District Judge.

The defendants in this action have moved for an order dismissing the complaint for the alleged failure to state a claim upon which relief may be granted and for the alleged failure to join indispensable parties.

The plaintiff avers that it has exclusive copyright privileges as to certain works of art and urges that the defendants are infringing on such copyrights. In paragraph 10 of the instant complaint, the plaintiff alleges:

"During the period of March, 1970, through December, 1970, defendant, Richard Mueller, for and on behalf of Neyler, as its President and Treasurer, contracted with one Burton Sinagub, doing business as Carnaby Manufacturing Company, Inc., to reproduce, multiply and publish in entirety, or by colorable variation, counterfeit copies of the Reproductions of Works of Art, and the print and pictorial illustration hereinbefore described, without the consent or authorization of plaintiff."

The plaintiff has complied with the requirement of Rule 8, Federal Rules of Civil Procedure, by making a short, plain statement of the claim entitling him to relief. However, the defendants contend that the act of "contracting" with a third party to produce counterfeit copies of copyrighted material does not constitute "infringement" within the meaning of 17 U.S.C. § 101.

It is well settled that all parties who unite to produce counterfeit copies of copyrighted material are liable for damages. Shapiro, Bernstein & Co. v. H. L. Green Co., 316 F.2d 304 (2d Cir. 1963); Sammons v. Colonial Press, 126 F.2d 341 (1 Cir. 1942); Leo Feist, Inc. v. Apollo Records N. Y. Corp., 300 F.Supp. 32 (S. D.N.Y.1969), affirmed 418 F.2d 1249 (2d Cir. 1969), cert. denied 398 U.S. 904, 90 S.Ct. 1694, 26 L.Ed.2d 63 (1970).

The defendants also claim that both Burton Sinagub and Carnaby Manufacturing Company are indispensable to this litigation and must be joined as defendants under Rule 19, Federal Rules of Civil Procedure. It is argued that title to some of the material alleged to be infringed rests in either Mr. Sinagub or in Carnaby, and therefore, complete relief cannot be afforded in their absence. Further, the defendant claims that this court has already awarded the plaintiff his total damages for the infringement claimed in this action by the order of July 9, 1971 in case no. 71–C–89, Celestial Arts v. Sinagub, et al. That order was entered as a consent decree upon the stipulation of the parties. Neither Neyler nor Mr. Mueller were parties in that litigation.

It is clear that copyright infringement is a tort and that all infringers may be held to be jointly and severally liable for the damages occasioned by the infringement. Accordingly, the plaintiff may sue such infringers as he chooses. 3A Moore's Federal Practice ¶ 19.14(2.–4) (1970). The court can frame its judgment in such a manner as to protect the interest of an absent party. 3A Moore's Federal Practice ¶ 19.-07–1(1) (1970).

The contention that the plaintiff has been compensated fully for his damages caused by the alleged infringement of the materials here in question is without merit. The stipulation in case no. 71–C–89, upon which the judgment was conditioned, expressly asserts that the sum of money paid to the plain-

tiff by the defendants in that action was "for such damages as plaintiff has sustained in consequence of *defendants'* infringement of plaintiff's copyright." (emphasis added). It should also be noted that in the stipulation the plaintiff specifically reserved the right to proceed against Neyler, one of the defendants in this action.

Therefore, it is ordered that the defendants' motion to dismiss the complaint be and hereby is denied.